## G. W. CAMPBELL v. THE STATE.

*No. 806.   Decided November 6th, 1895.*

### 1.   Change of Venue by the Judge.

When two trials in a murder case have already been had in the county of the venue, which is a small county, the District Judge, of his own motion, may, under Article 613 [576], Penal Code, change the venue where he is satisfied that a fair and impartial trial cannot be had in the county of the prosecution.

### 2.   Murder—Evidence of Other Killings by a Mob.

On a trial for murder, where the testimony fails to show that defendant belonged to a mob or that deceased was killed by or at the instigation of a mob, but does tend to show that he was killed by two persons on a private grudge or animosity towards him, to admit evidence that a third party, or parties, had been killed by a mob, is inadmissible against and prejudicial to defendant.

### 3.   Argument of Counsel.

On a trial for murder, where counsel for defendant had alluded to, and commented upon, the length of time and manner in which defendant had been prosecuted, and that he had successfully resisted all attacks made against him for six long years, and the District Attorney, in his closing argument, after repeating what counsel for defendant had said, stated in effect, that during those six long years and all the trials had, no jury had ever turned the defendant loose. Held: Such reply was pertinent and explanatory as to the charge made by counsel for defendant as to former trials, and was, therefore, not erroneous.

### 4.   Impeachment of Defendant—Contradictory Statements—Right to Sustaining Evidence in Rebuttal.

Where the prosecution has introduced testimony of contradictory statements, in order to impeach a defendant's testimony on the trial, defendant has the right, in rebuttal, to show by other witnesses, that shortly after the transaction he had made statements to them consistent with his testimony on the trial.

APPEAL from the District Court of Lampasas.   Tried below before Hon. W. A. BLACKBURN.

This appeal is from a conviction for murder in the second degree, the punishment assessed being a term of eleven years in the penitentiary.

This is the second appeal taken in this case.    The first appeal was from a conviction for murder in the second degree, with punishment affixed at seven years and a half in the penitentiary.    Campbell v. State, 30 Tex. Crim. App., 645.

The murder was committed on the 27th day of November, 1889.  The first trial was had in Mason County, to which county the venue had been changed by the court of his own motion.    A second trial in Mason County, at the March term, 1893, resulted in a mistrial, the jury being unable to agree.    On the 18th day of March, 1893, the District Judge of his own motion, again changed the venue to the County of Lampasas, in an adjoining judicial district.    The grounds for this second change of venue, as stated by the judge in his order, being, "because the County of Mason being comparatively a small county, with a limited number of qualified jurors, and this case, having been heretofore twice tried by a jury in this county, with a mistrial at a former day of this court, and because of extraordinary notoriety of the facts and evidence in the case to such an extent as to render it improbable that a jury could be had in this county to finally agree upon a verdict in this case."

A plea to the jurisdiction of the District Court of Lampasas County was filed by defendant, in which, among other grounds, it was claimed that said court was without jurisdiction, because, "It is not shown that the District Court of Mason County did properly exercise its right or authority to change the venue in this case, and it is not shown, and it does not appear that a fair and impartial trial could not be had in Mason County, Texas."    This plea was overruled at the May term, 1894, and the case having proceeded to trial, a mistrial was again had from the failure by the jury to agree.    The trial, from which the appeal herein was taken, occurred May 27th, 1895, with the result above stated.

In addition to the facts, as stated in Campbell v. State, 30 Tex. Crim. App., 645, the facts discussed in the opinion of the court, are sufficiently stated, and no further statement of the case is necessary.

At the trial a bill of exceptions was taken to the allusion, by the District Attorney in his closing argument, to former trials had in the case. This bill of exceptions is qualified by the trial judge as follows, to-wit: "Be it remembered that in the trial of this cause in the closing argument for the State, State's counsel, in reply to the argument of Judge Fulton, one of defendant's counsel, who had stated to the jury that for six long years the defendant had been prosecuted by able paid counsel, and the defendant had, every six months, to appear and stand trial; yet, notwithstanding the prosecution by able paid counsel, aided by the machinery and unlimited resources back of the prosecution, the defendant had successfully resisted all the attacks made against him for six long years."    That the State's counsel, in his said closing address to the jury, repeated the language used by defendant's counsel as above, and stated to the jury as follows:    "Gentlemen, in reply I will state, in passing, that during those six long years, and all the trials had during that time, no jury ever turned the defendant loose, and the defendant

stands here to-day before a jury to answer the charge of murder of Edward Hartman."

The foregoing exception as qualified is given as correct.

[No briefs have come to the hands of the Reporter.]

*D. Triplett, M. Fulton* and *John L. Lewis*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant in this case was convicted in the court below of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of eleven years, and from the judgment and sentence of the lower court he prosecutes this appeal. The appellant assigns as error that the court erred in failing to sustain his exceptions to the transcript and to the order of the court changing the venue of this case from the District Court of Mason County, because he says that the record fails to disclose how the case got into Mason County, and because the transfer, made under Article 576, of the Code of Criminal Procedure, does not comply with the provisions of said article, because he says that said transcript fails to show that the transfer was made at a general or special term of the District Court of Mason County. It will be observed that no exception was taken in the District Court of Mason County to the change of venue, and the question was raised for the first time in the District Court of Lampasas County. The record in this case does show that the original indictment was presented in the case in San Saba County, and that the venue was changed from there to Mason County, and the court, at the March term, 1893, made an order changing the venue of said case to Lampasas County. The order itself shows that it was made at the March term, 1893. The order in question, as ground for change of venue, recites as follows: "And it appearing to the satisfaction of the court that a trial alike fair and impartial to the accused and to the State cannot be had in this (Mason) County, Texas, because the County of Mason being a compartively small county, with a limited number of qualified jurors, and this case having been heretofore twice tried by a jury in this county with a mistrial at a former day of this court, and because of extraordinary notoriety of the facts and evidence in the case, to such an extent as to render it improbable that a jury could be had in this county to finally agree on a verdict in this case; and counsel for State and for defendant heretofore in open court agreed to change of venue in this case from the County of Mason to the County of Lampasas—it is therefore considered ordered, * * * that the venue be changed to Lampasas County. * * * *" This recitation, in our opinion, is a sufficient adjudication as a cause for a change of venue under Article 576, Code Cr. Proc. It is true that Article 579, Id., authorizes a change of venue when an unsuccessful attempt is made to secure a jury to try a case, and that the procedure under said article is entirely different from Article 576. The order in question does not show that any unsuccessful attempt had been made to secure a jury, but

recites as ground for the order, that the case had been tried twice in said County of Mason, which was a small county, with a limited number of jurors, and that great notoriety had been given the facts in the case; and on this ground the court assumed to say that a trial alike fair and impartial to the accused and to the State could not be had.

The appellant assigns as error that the court permitted the State, over his objection, to ask certain witnesses in relation to the killing of Leroy Beck, Asie Brown and others, and the fact that Charlie Smith was missing, and had never been found. Appellant claims that the same was not pertinent to any issue in this case, because he says that the proof does not show that appellant was connected with any of said transactions, and that the killing in this case is not shown to have been done by any mob, but that the proof shows that the killing was in a contest between the deceased and the party who killed him, and not a mob transaction. The court shows in his explanation and qualification of this bill of exceptions, that the testimony as to all of these killings was admitted without objection except as to the killing of Leroy Beck. In regard to this testimony, we will observe that the evidence does not show that appellant belonged to any mob, nor is there any testimony tending directly to show that deceased was killed by a mob or at the instigation of a mob; on the contrary, the tendency of the testimony on the part of the State was to show that the motive for the killing was on account of a private grudge or animosity against the deceased, on account of some hogs of said deceased going into appellant's field, and that the killing was done by only two persons; and the fact that testimony of this character would prejudice the appellant before the jury, rendered it exceedingly hurtful to him, and should not have been admitted. Appellant also objects to the remarks made by the State's counsel in his closing argument. In answer to this, it is sufficient to say that these remarks were made in response to the remarks on the same subject by appellant's counsel in his speech. Both were outside of the record, but the remarks of the District Attorney were pertinent to and explanatory of the charge made by appellant's counsel as to former trials of the case. In this we see no error. The appellant contends that the court erred in refusing to permit him to prove by two witnesses—Triplett and Chamberlain—that in explaining the bruise on his face the next day after the homicide, he told them shortly after his arrest that it was caused by a fall from a little gray mare that he was riding. This evidence was offered by the appellant in rebuttal of the testimony of one Sullivan, a State's witness, to the effect that appellant told him that said bruise was caused by a fall from a mule. The appellant had previously testified on the trial of this case that said bruise was caused by a fall from a little gray mare, and the State's evidence was offered for the purpose of impeaching said witness, and discrediting him as to the cause of said bruise or wound on his face. This bruise, as stated before, was seen on appellant the next day after the homicide, and, as there was evidence of a struggle at the scene of the homicide, it was a material fact, in connection with the other testimony,

to connect appellant with said homicide. As stated, he gave an account of this bruise which destroyed its effect as inculpatory evidence. Now, it was competent for the State, in order to impeach him, to show that he had given a different account of how he got said bruise; but, in order to support his testimony, it was competent for him to show that he had made to other witnesses, shortly after the transaction, statements about how he had received said bruise consistent with his testimony on the trial. Such we understand to be the doctrine adopted by this court. Bailey v. State, 9 Texas Crim. App., 99; Williams v. State, 24 Texas Crim. App., 637; Dicker v. State, (Tyler term, 1895) 32 S. W. R., 541. For the errors of the court heretofore discussed, the judgment of the lower court is reversed, and the cause remanded.

*Reversed and Remanded.*

DAVIDSON, Judge, absent.