PHILLIPS v. ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS.

(Court of Civil Appeals of Texas.    April 1, 1911.)

1. WITNESSES (§ 395*)—CORROBORATION—ADMISSIBILITY OF EVIDENCE.

In an action against a railroad company for injuries to a servant while climbing into the cab of an engine, where plaintiff had testified that, just before the accident, he had set one of two torches up in the gangway and had the other torch hanging on the thumb of his right hand, and defendant, which had pleaded that plaintiff was negligent in attempting to get on the engine with "torches and other things in his hands," to impeach plaintiff, put in evidence part of the stenographer's report of a former trial of the case, showing that he had then testified that "I had them hooked on my thumb," and "seems like I had one on each thumb," it was error to refuse to permit plaintiff to introduce part of the stenographer's report of a previous trial of an action by plaintiff's father against the same defendant for loss of plaintiff's services on account of the same accident, which trial had taken place shortly after the accident, showing that plaintiff had then testified that he set one of the torches up in the gangway when he was climbing into the engine, which testimony was the same as plaintiff's testimony on the present trial; the question whether plaintiff had attempted to climb upon the engine incumbered with torches being a material issue.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1260; Dec. Dig. § 395.*]

2. TRIAL (§ 252*) — INSTRUCTIONS — SUPPORT IN EVIDENCE.

In an action against a railroad company by its hostler's helper for injuries received while attempting to climb into the cab of an engine, where it was a material issue whether at the time he had torches in his hands, and there was no evidence that his shoes were muddy, a charge that if the jury believed that plaintiff failed to exercise ordinary care when

he attempted to get on the engine and voluntarily went thereon with his gloves and with torches in his hands, and when his gloves or shoes were wet or muddy, they could find for defendant, was objectionable.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 590–612; Dec. Dig. § 252.*]

3. MASTER AND SERVANT (§ 295*)—INJURIES TO SERVANT—ACTIONS—INSTRUCTIONS — NECESSITY.

Defendant having pleaded contributory negligence, embracing a plea of assumed risk, and plaintiff having replied that defendant and its servants, including plaintiff's foreman, knew of defects in the boiler, tender, and steps of the engine, so as to leave the steps wet, and failed to repair them, and that plaintiff was forced to use such appliances or leave the services, that a person of ordinary care would have remained in the service, and the evidence showing that defendant's foreman was familiar with the defective conditions existing, it was error to refuse a charge not otherwise given that if the jury believed that plaintiff knew of the defective condition of the locomotive, if it was defective, and any dangers incident thereto, and that defendant and its employé, plaintiff's foreman, also knew of such defective conditions, if any, and that a person of ordinary care would have remained in the service under these conditions, then the doctrine of assumed risk would not apply, and plaintiff could not be charged with assuming any risk incident to such defects and dangers.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1168–1179; Dec. Dig. § 295.*]

4. NEGLIGENCE (§ 141*)—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

The issue of contributory negligence being in the case, and the court not having instructed as to the burden of proof on such issue, it was error to refuse a special charge that the burden was upon defendant on the issue of contributory negligence to show that plaintiff was guilty of contributory negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 382–399; Dec. Dig. § 141.*]

5. TRIAL (§ 191*) — INSTRUCTIONS — ASSUMPTION OF FACTS.

It was not error to refuse a charge that if the jury believed from the evidence that defendant permitted the step on its locomotive, in connection with which the injury resulted, to become old, worn, slick, and unsafe to climb upon, and that plaintiff in attempting to climb into the gangway of such engine was caused to fall therefrom by his foot slipping off of the step resulting in his injury, and if they further believed that such old, worn, and slick condition of the step, if it was old, worn, and slick, was the proximate cause of plaintiff's injuries, if any, they should find for plaintiff, such charge assuming that, if the engine step was old, worn, and unsafe to climb upon, defendant was negligent as matter of law, while such question was one of fact for the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431; Dec. Dig. § 191.*]

Appeal from District Court, Hunt County; T. D. Montrose, Judge.

Action by James E. Phillips against the St. Louis Southwestern Railway Company of Texas. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Sherrill, Mulkey & Hamilton, for appellant. E. B. Perkins and B. F. Crosby, for appellee.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

BOOKHOUT, J. The appellant brought this suit, as plaintiff in the court below, for damages for personal injuries alleged to have been sustained by him at Coppell, in Dallas county, on the 13th day of August, 1908. Plaintiff was a minor at the time of the commencement of the suit, and brought the same through his father as next friend, but became of age before the trial, and in an amended petition prosecuted the suit in person. Plaintiff alleged, for cause of action: That he was in the employ of the defendant at Coppell as hostler's helper, and that it was his duty, among other things, to go under defendant's locomotives and the tenders or water tanks of the same and clean out the ash pans, and to climb into the cabs of the locomotives and "knock" the fires and clean the clinkers out of the grates. That defendant had negligently permitted one of its locomotives, with which and around which plaintiff had to work, to become defective and out of repair and in an unsafe condition, in this: That the water tank and boiler of same leaked badly, and the water was constantly running from same in such quantities as to wet a person working under the same, and in such quantities and manner as to wet the steps of the same upon which plaintiff had to climb, and had negligently permitted the steps upon which plaintiff had to climb into the cab to become old, worn, and slick and unsafe to climb upon. That in the performance of his duties plaintiff was required to, and did, go under the tender and water tank of said locomotive, for the purpose of taking the ashes out of the ash pan under the furnace, and the water leaked out of the water tank upon plaintiff until he was wet and his shoes and clothing were soaked and saturated with water, and that, when he had finished his work under the water tank, he was directed by his foreman, the hostler, to get some torches and light them and bring them up onto the engine under which plaintiff had just been at work. That plaintiff procured the torches and lighted them and attempted to climb onto the engine with them. That, in attempting to climb into the engine, he placed his foot on the step of same, when, on account of the old, worn, and slick condition of the step, and on account of the same being wet and in a slippery and bad condition, and on account of his shoes being wet and soaked with water, his foot slipped off the step, and his weight jerked his hands loose from the handholds, and he was thereby caused to fall on his back on the points or prongs of a clinker hook which was lying on the ground, and that he was thereby seriously and permanently injured as the direct and proximate result of the defendant's said negligence, for which plaintiff prayed judgment for $10,000. Defendant pleaded general denial, assumed risk, and contributory negligence. The case was tried before a jury and resulted in a verdict and judgment for the defendant. Plaintiff filed a motion for new trial, which being overruled, he perfected an appeal.

[1] Error is assigned that the court erred in sustaining the objections of the defendant's counsel, and in refusing to permit plaintiff's counsel to introduce in evidence a part of the stenographer's report of the trial in the county court in May, 1909, wherein plaintiff's father was suing for loss of plaintiff's services on account of this same injury, showing that plaintiff testified on that trial that he set one of the torches up in the gangway as he was climbing into the engine, which testimony was the same as plaintiff's testimony on this trial, concerning which defendant had sought to impeach plaintiff by showing that he had sworn to a different state of facts concerning the same subject on the trial of this cause, about three weeks before this trial.

The proposition presented is that, where an attempt is made to impeach a witness by proof of statements contradicting his testimony, he may be corroborated by proof that he has made the same statements at other times as those testified to by him.

The plaintiff testified on direct examination that he had set one of the torches up in the gangway, and had the other torch hanging on the thumb of his right hand. Defendant had pleaded that plaintiff was guilty of contributory negligence in attempting to get on the engine with "torches and other things in his hands." In order to impeach his said testimony, defendant put in evidence part of the stenographer's report of a former trial, showing that he had testified on that trial that: "I had them hooked on my thumb," and "seems like I had one on each thumb." Plaintiff's counsel then offered plaintiff's testimony on this same point from the stenographer's record taken on the trial in the county court, wherein plaintiff's father was suing for the loss of plaintiff's services during his minority, wherein plaintiff testified, "One of them (the torches) was setting in the gangway, and I had the other one hung on my thumb." Whether or not plaintiff, at the time he attempted to climb upon the engine, was incumbered with torches, was a material issue in the case. The defendant having introduced testimony tending to impeach plaintiff's evidence on this issue, plaintiff should have been permitted to show, in corroboration of his evidence, that his testimony is the same as that given by him on the trial of the suit in the county court. His testimony in that case was given shortly after sustaining the injuries and in a case in which he was not pecuniarily interested. Lewy v. Fischl, 65 Tex. 311; Campbell v. State, 35 Tex. Cr. R. 160, 32 S. W. 774.

[2] Error is assigned to the fourth paragraph of the main charge, reading as follows: "If you should believe from the evidence that the plaintiff was fully aware of the condition of the water tank and tender and boiler, and of the step of said engine, and

was fully aware of all the conditions under which he was working, and knew and appreciated all the dangers incident thereto, and the same were open and obvious to him, or could have been discovered by him in the use of ordinary care on his part, and if you believe that he failed to exercise ordinary care when he attempted to get on said engine and voluntarily went thereon with his gloves and with torches in his hands, when his gloves or shoes were wet or muddy, and the steps wet, and by taking hold of the handholds with his hands incumbered with the things he was carrying, and if you believe that his failure to exercise such ordinary care, if he did, caused or contributed to cause the accident and he was injured, then you will find for the defendant."

It is insisted that this charge, in using the language, "and if you believe that he failed to exercise ordinary care when he attempted to get on said engine and voluntarily went thereon with his gloves and with torches in his hands," assumes that plaintiff had the torches in his hands when he attempted to get upon the engine; and that it is upon the weight of evidence, wherein it instructs the jury, "and if you believe that he failed to exercise ordinary care when he attempted to get on said engine and voluntarily went thereon * * * when his gloves or shoes were wet or muddy, * * * you will find for the defendant." This paragraph of the charge is not free from criticism in these respects. There was no evidence that plaintiff's shoes were muddy when he attempted to climb upon the engine.

[3] The defendant plead contributory negligence, which plea embraced a plea of assumed risk. The plaintiff, in answer thereto, pleaded that defendant, its agents and servants, including plaintiff's foreman, knew of the defects in the boiler, tender, and step, and failed to repair them, and that plaintiff was forced to use these appliances or leave the service, and that a person of ordinary care would have remained in the service. The evidence showed that defendant's foreman was familiar with the defective conditions which existed.

The appellant requested a charge reading as follows: "You are charged that if you believe from the evidence that the plaintiff knew of the defective condition of the locomotive from which he fell, if you believe it was defective, and the dangers, if any, incident thereto, but if you further believe that defendant and its employé, who was plaintiff's foreman, also knew of said defective condition, if any, and if you further believe that a person of ordinary care would have remained in the service, under the circumstances, then the doctrine of assumed risk would not apply, and plaintiff cannot be charged with assuming the risk incident to such defects and dangers, if any." This charge correctly states the law of assumed risk, and was nowhere embraced in the main charge, and should have been given.

[4] No charge was given as to the burden of proof on the issue of contributory negligence, which issue was in the case. The jury was charged that the burden of proof was on the plaintiff, in the case in the usual form. The burden of proof was on defendant to sustain its plea of contributory negligence. In this connection the appellant requested a special charge reading as follows: "The burden is upon the defendant, on the issue of contributory negligence, to show by a preponderance of the evidence that plaintiff was guilty of contributory negligence." This charge announced a correct proposition of law, and, the court not having instructed as to the burden of proof on this issue, this charge should have been given to the jury.

[5] It is assigned that the trial court erred in refusing appellant's special charge No. 3, reading as follows: "You are charged that if you believe from the evidence that the defendant permitted its step on its locomotive No. 219 to become old, worn, slick, and unsafe to climb upon, and that plaintiff, in attempting to climb into the gangway of the said engine, was caused to fall therefrom by his foot slipping off of said step, and that he was thereby injured, and if you further believe that such old, worn, and slick condition of said step, if you believe it was old, worn, and slick, was the direct and proximate cause of plaintiff's injuries, if any, you will find for the plaintiff."

It is contended that where plaintiff relies upon several distinct acts of negligence in the allegations of his petition, and the court joins all of such alleged acts conjunctively in the main charge so that the jury must believe all of them to entitle plaintiff to recover, it is reversible error to refuse a special charge permitting a recovery on one of such acts of negligence alone. The requested charge does not announce a correct proposition of law, in that it assumes that if defendant's engine No. 219 was old, worn, and unsafe to climb upon, the defendant was negligent as a matter of law, when this was a question of fact for the determination of the jury. The assignment is not followed by a statement of the evidence showing the court was authorized to assume the facts stated in the charge constituted negligence as a matter of law. The court did not err in refusing the charge.

For the errors pointed out, the judgment is reversed, and the cause remanded.