## WILL HAYS v. THE STATE.

*No. 1437. Decided December 9th, 1896.*

<div style="float:right">36  533<br>37   46</div>

**1. Burglary—Charge.**

On a trial for burglary, where the proof showed that a pistol was the property taken after the burglarious entry, that defendant, when arrested, was found with the pistol on his person, and in explanation he stated, that he had bought it from one S., and the court charged the jury, "If you have a reasonable doubt under the evidence as to whether the defendant bought the pistol, exhibited in evidence, from one S., or got it from any other person or place than E. J. (the alleged owner), you should acquit him." Held: The charge is couched in proper terms, does not place the burden upon defendant to establish his innocence, nor assume that the pistol was the property of E. J.

**2. Same—Recent Possession and Reasonable Explanation.**

On a trial for burglary where the defendant, when arrested and found in possession of the stolen pistol, stated that he had bought it. Held: That a charge of court authorizing the jury to acquit if they believed that defendant had bought the pistol, or if they had a reasonable doubt concerning the matter, was an apt presentation of the defense, and better than if the court had charged upon recent possession and reasonable explanation.

**3. Same—Evidence—Charge of Court Limiting and Restricting.**

Under a count in an indictment for burglary with intent to commit theft, it is not error to permit testimony specifying the articles taken from the house, or to refuse to limit and restrict the purposes for which evidence as to certain articles was permitted to be introduced.

APPEAL from the Criminal District Court of Dallas. Tried below before Hon. CHAS. F. CLINT.

Appeal from conviction for burglary; penalty, three years' imprisonment in the penitentiary.

The indictment contained two counts, one for burglary of the house of Elizabeth Jackson, with intent to commit theft; and one for burglary and theft from said house, setting out the articles stolen. Defendant was convicted upon the first count. All of the stolen articles enumerated in the second count, except the pistol, were found at the house where defendant stayed with a woman he was keeping, and who testified that they had been given her by defendant. At the same time and place, a metal stamp case and a Trilby heart, also belonging to Elizabeth Jackson, were found and recovered. It was objected to evidence as to the last two articles, that it was inadmissible, because they were not mentioned in the indictment; and, the charge of the court complained

of because it did not limit and restrict the purpose for which the evidence, as to these two articles, was admitted.

The pistol, which Elizabeth Jackson claimed was hers, was found upon defendant after his arrest and as the officer was taking him to jail. He told the officer that he had bought it from Jim Seeley.

[No briefs have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary, and given three years in the penitentiary; hence this appeal. There are three bills of exceptions in the record. The first bill of exceptions raises the question as to the following charge, given by the court: "If you have a reasonable doubt, under the evidence, as to whether the defendant bought the pistol exhibited in evidence from one Jim Seeley, or got it from any other person or place than Elizabeth Jackson, you should acquit him." Defendant contends that this charge makes the guilt or innocence of the defendant, hinge on the truth or falsity of his explanation to the jury, as to how he came into possession of said pistol; (2) it assumes that the pistol exhibited in evidence, was the property of Elizabeth Jackson, the prosecuting witness; (3) it places the burden upon the defendant to establish his innocence, by his explanation of how, and from whom, and where, he got the pistol. The record in this case establishes, beyond question, that the person who committed the burglary committed a theft of said pistol. When the defendant was arrested, he was found with the pistol on his person, and when it was taken from him he made an explanation, stating he bought it from another party. In our opinion, the charge was couched in proper terms, and did not place the burden of proof upon the defendant to establish his innocence; nor did it improperly assume that said pistol was the property of Elizabeth Jackson. The second bill of exceptions is an insistence, on the part of the defendant, that the court committed an error in not charging on recent possession, in connection with the explanation of the defendant. The recent possession spoken of, was possession of the pistol, and appellant's explanation in regard thereto. While the court did not give, in terms, a charge on possession and explanation, he did that which was better, authorized the jury to acquit the defendant, if they believed that the defendant bought the pistol in question, or if they had a reasonable doubt concerning that matter. This involved appellant's explanation, and was an apt charge presenting his defense. In fact, it was more liberal towards him than the evidence authorized, because he might possibly have bought the pistol from another person, and yet might have been guilty of the burglary; but the court authorized them to acquit the defendant, if they believed he had bought the pistol from some other person. There was no error in the court permitting evidence in regard to the theft of the property, and specifying the articles taken from the house at the time the burglary

was committed. The conviction was under the first count of the indictment for burglary, and not under the second count. There was no error in the court failing or refusing to limit the purpose of the testimony in regard to the metal stamp case and Trilby heart, shown to have been taken by the appellant. No errors appearing in the record, the judgment is affirmed.

*Affirmed.*