John Thomas **SINGLETARY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47938.

Court of Criminal Appeals of Texas.

May 22, 1974.

Rehearing Denied June 12, 1974.

Jack Hampton, Dallas, for appellant.

Henry Wade, Dist. Atty., and John B. Tolle, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Appellant was convicted by a jury as an accomplice to the offense of murder with malice wherein the punishment was assessed at twenty-five (25) years.

Appellant does not challenge the sufficiency of the evidence.

The record reflects that during the early morning hours of June 19, 1972, Dallas police officers found the bullet riddled body of Bryan Stout at his residence located in Dallas. Present on the scene were two women, one of whom was Mary Stout, the deceased's wife.

Lieutenant James D. Wood of the Dallas Police Department testified that on the date of the offense he questioned the appellant, then a Dallas police officer, about the killing since it was known that the appellant and the deceased's wife were seeing each other. During the conversation, appellant stated that he heard of the incident over the radio and told his superior that after he was off duty on the previous day, he went to a party at the residence of Helen Cundiff and that the deceased's wife was also present. Subsequently, Lieutenant Wood reported the information disclosed during this conversation to the homicide detectives.

During their investigation of the Stout murder, homicide detectives obtained appellant's service revolver and submitted the same for a ballistics test, which produced inconclusive results. After further conversations with the appellant, the detectives learned that the appellant had turned his original service revolver over to the police quartermaster for repairing on the date of the offense and was issued another pistol. After retrieving the appellant's original service revolver from the quartermaster, the detectives discovered, through the use of the ballistics test, the same to be the murder weapon.

The accomplice witness Lester Webber testified that he was an employee of Cundiff during June of 1972. The witness further testified that on the evening of June 18, 1972, he, upon the request of his employer, and Michael Bizor were enroute to murder the deceased when the truck he was driving broke down. After hitching a ride, the twosome were approaching the deceased's residence when they noticed "some people standing out next to a Volkswagen bus and a squad car passed by." Fearing instant detection in the furtherance of their mission, Webber and Bizor abandoned their scheme and separated at a nearby convenience store. The witness further related that he called Cundiff, who, along with appellant, picked him up and returned to her home. Upon arriving at the premises, the appellant relinquished to Cundiff his service revolver and

Webber drove his employer back to the deceased's home, where she went inside and shot and killed him.

Immediately thereafter, the pair returned to Cundiff's home, where appellant retrieved his pistol and told Webber that "she should have taken something to make it look like a burglary." The witness further testified that the appellant then ejected the spent cartridge cases from his pistol and discarded them in a field behind the Cundiff residence.

The State's witness Michael Bizor testified substantially to the same facts as stated by Webber. The witness further related that he, at Helen Cundiff's hiring, agreed to kill Stout for which he would be paid a part of the deceased's life insurance proceeds in addition to the benefit of free groceries at her store. For further inducement Cundiff promised the witness that the appellant would "fix" the witness' traffic tickets. Bizor also testified that, much to his relief, the agreement was never carried out.

The appellant did not testify in his own behalf.

Initially, appellant contends that the trial court erred in refusing to charge the jury that Michael Bizor was an accomplice witness.

■ An accomplice witness has been described as a person, who, either as a principal, accomplice, or accessory, was connected with the crime by unlawful act or omission on his part, transpiring either before, at the time of, or after the commission of the offense, and whether or not he was present and participated in the crime. See Article 38.14, Vernon's Ann.C.C.P., note 2.

■ Further, if there is a conflict in the evidence, then the court should charge the jury on the question of whether the witness was an accomplice as a matter of fact. But if there is not enough evidence to support a charge against the witness either as a principal, an accomplice, or an accessory, then he is not an accomplice witness. See 2 Branch's Ann.P.C., 2d ed., Sec. 730, p. 33; Silba v. State, 161 Tex.Cr.R. 135, 275 S.W.2d 108 (1954).

■ In the instant case the witness was not shown to have been in any manner connected with or to have participated in the crime here charged. Although some hours before the killing the witness may have entered into a conspiracy with Cundiff to kill Bryan Stout, it is apparent that such conspiracy had terminated. Under such circumstances, it is not shown that the witness Bizor was criminally connected with the killing of Stout.

In Washburn v. State, 167 Tex.Cr.R. 125, 318 S.W.2d 627 (1958), this court said:

"If a state's witness had no complicity in the offense for which an accused is on trial, his testimony is not that of an accomplice, whatever may have been his complicity with the accused in the commission of other offenses."

See also Matthews v. State, 471 S.W.2d 834 (Tex.Cr.App.1971).

Thus, we are unable to agree that the witness Michael Bizor was an accomplice witness or that the evidence raised the fact question as to his complicity.

Appellant's first ground of error is overruled.

■ Next, appellant complains of the charge for the court's failure to instruct the jury on the law of accessories as an affirmative defense against the crime of murder.

Appellant argues, without citation of authorities, that such charge should have been given since the State's evidence relates primarily to his overt actions after the offense was committed.

As this court stated in Gonzales v. State, 74 Tex.Cr.R. 458, 171 S.W. 1146, (1914):

"To constitute one an accessory in this state his participation in the crime and acts must all have occurred subsequent to the commission of the offense. Welsh v. State, 3 Tex.App. [413], 419. And to constitute one an accomplice, his acts must have occurred prior to the commission, and he at the time doing nothing in the furtherance of the common purpose and design."

Further, one cannot be an accessory by reason of his connection with the crime itself, but his involvement must be with only the offender. See 2 Branch's Ann.P.C., 2d ed., Sec. 750, p. 49; 16 Tex.Jur.2d, Criminal Law, Sec. 78, p. 198; W. Morrison and G. Blackburn, The Law of Principals, Accomplices and Accessories Under the Texas Statutes, 1 Vernon's Ann.P.C., p. XIII (1952).

In the instant case the record is replete with testimony that the appellant, a police officer on the date of the offense, complied with Helen Cundiff's request for his service revolver after learning that the prior attempt to kill the deceased had failed. Under such circumstances the evidence clearly shows that the appellant knew of Cundiff's plan to kill the deceased and voluntarily aided her in committing the offense. It is therefore our conclusion that since the evidence failed to raise the fact issue of appellant's complicity arising after the commission of the offense, the court did not err in refusing such a charge.

Appellant's second ground of error is overruled.

In the next ground of error appellant complains of the trial court's refusal to admit into evidence a written exculpatory statement of the appellant which was made while in custody.

As noted earlier, appellant neither testified nor submitted any defense in his behalf other than offering through Detective Thomason a written statement made by the appellant subsequent to his arrest. Further, the State did not attempt to introduce such statement into evidence. However, appellant contends that the statement met every statutory requirement of Article 38.-22, Vernon's Ann.C.C.P., and should have been admitted as an explanation of how his service revolver "came to be used to commit murder."

At the outset it should be noted that the fact that the accused had been warned pursuant to Article 38.22, Vernon's Ann.C.C.P., would not render his self-serving statement admissible where the State had not sought to elicit such statement. See Cyrus v. State, 74 Tex.Cr.R. 437, 169 S.W. 679 (1914).

It should also be noted that self-serving declarations of the accused are ordinarily inadmissible in his behalf, unless they come under some exception, such as: being part of the res gestae of the offense or arrest, or part of the statement or conversation previously proved by the State, or being necessary to explain or contradict acts or declarations first offered by the State. See generally 24 Tex.Jur.2d, Evidence, Sec. 612, p. 164; 6 Wigmore, Evidence, Sec. 1732, pp. 103–105.

During the daytime hours of June 22, 1972, appellant was arrested at the Dallas Police Homicide Office and shortly after being warned pursuant to Article 38.22, supra, and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), he gave a statement to homicide detective Thomason. While the record is not clear, it appears that some time had elapsed from the moment of appellant's arrest until he decided to disclose his particular involvement in the case.

In discerning whether the instant statement is part of the res gestae of the offense or the arrest, we must adhere to certain basic principles which must be regarded as established and controlling.

These principles embrace such factors as time elapsed, and, more importantly, spontaneity, or whether the statement was instinctive. See Fisk v. State, 432 S.W.2d 912 (Tex.Cr.App.1968). However, the record in the instant case negates the fact that the statement was made while appellant was in the grip of stress and nervous excitement which would give rise to spontaneous utterances. The fact that the statement was made by the appellant as a result of custodial interrogation containing his narration of the occurrence disproves the controlling element of spontaneity and instinctiveness.

Likewise, appellant's statement made subsequent to his arrest when time had elapsed for him to reflect and fabricate an explanation should be excluded. Such explanation passes from the domain of res gestae and becomes obnoxious as self-serving when the opportunity for reflection arises and fabrication is manifested to suit the exigencies of his situation. See and compare Seebold v. State, 89 Tex.Cr.R. 563, 232 S.W. 328 (1921); Blackburn v. State, 78 Tex.Cr.R. 177, 180 S.W. 268 (1915); Wilson v. State, 70 Tex.Cr.R. 355, 156 S.W. 1185 (1913).

Appellant's third ground of error is overruled.

Appellant next contends that the trial court erred during the punishment phase of his trial in not permitting him to testify regarding his medals, commendations, and citations for meritorious service awarded during his ten years of service in the United States Army. Appellant had filed a motion for probation.

At the hearing on the punishment phase the appellant took the stand outside the presence of the jury for the purpose of perfecting his bill of exception and showing what his military record was during his tenure in the Army. After hearing the proffered testimony, the court ruled that the appellant could testify to the fact of his service in the Army and that he received an honorable discharge, but could not offer or allude to any awards or commendations bestowed during that period. Subsequent to the court's ruling, appellant elected not to testify before the jury, but instead offered the testimony of his wife to prove the fact of his service in and discharge from the United States Army in compliance with the trial court's ruling.

In Allaben v. State, 418 S.W.2d 517 (Tex.Cr.App.1967), this court held that evidence to be offered at the hearing on punishment pursuant to the provisions of Article 37.07, Vernon's Ann.C.C.P., "is by no means limited to the defendant's prior criminal record, his general reputation and his character. Evidence legally admissible to mitigate punishment or evidence that is relevant to the application for probation, if any, is also admissible."

In *Allaben* this court held that evidence proffered by Allaben at the penalty stage of a sodomy trial that he had visited a psychiatrist twice a week in connection with his psychological problem and he hoped to continue such treatment should have been admitted, but that error did not constitute reversible error.

In Logan v. State, 455 S.W.2d 267 (Tex.Cr.App.1970), this court in citing *Allaben,* supra, stated that, assuming the trial court should have admitted the testimony that Logan was a good student and caused no disciplinary problems, exclusion of such evidence did not constitute such error as to call for reversal.

Thus, we cannot conclude, in light of the entire record, that the trial court's action in excluding the proffered testimony, if error, was such error as to command reversal. See and compare Miller v. State, 442 S.W.2d 340 (Tex.Cr.App.1969); Coleman v. State, 442 S.W.2d 338 (Tex.Cr.App. 1969).

Appellant's fourth ground of error is overruled.

In his fifth ground of error appellant contends that since Cundiff was acquitted for the murder of Bryan Stout, the appel-

**578**

lant cannot be convicted as an accomplice to the same offense.

■ Article 80, Vernon's Ann.P.C., provides that an accomplice may be tried and punished before the conviction of the principal and the acquittal of the principal will not bar prosecution against the accomplice, but on the trial of the accomplice, the evidence must be such as would have convicted the principal. Further, an accomplice is not entitled to a new trial or reversal just because a subsequently tried principal has been acquitted. See Tucker v. State, 461 S.W.2d 630 (Tex.Cr.App. 1970); Ex parte Selby, 442 S.W.2d 706 (Tex.Cr.App.1969). The fact that another jury acquitted the principal in a subsequent trial does not by itself entitle an accomplice to the same offense to a new trial. In many instances different juries reach opposite results on the same evidence. See Rozell v. State, 502 S.W.2d 16 (Tex.Cr. App.1973).

Appellant's fifth ground of error is overruled.

Finding no reversible error, the judgment is affirmed.

DOUGLAS, Judge (concurring).

I concur in the result but do not agree that appellant's wife should have been permitted to testify that appellant received commendations and awards while he was in the Army. Just how far will a trial court have to go at the penalty stage of the trial? Can the State show misconduct of a defendant while he was in the service?

We should not tax overburdened trial courts with proof of a defendant's life history. If such is permitted, the State will no doubt counter or attempt to show specific acts of misconduct to rebut that offered by a defendant.

We should not lengthen trials with matter which has nothing to do with the issues in the case.