Clinton Raydell SPRUILL, Appellant,

v.

The STATE of Texas, State.

No. 2–81–134–CR.

Court of Appeals of Texas, Fort Worth.

Nov. 18, 1981.

Stephen C. Maxwell, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for appellee.

Before JORDAN, HUGHES and RICHARD L. BROWN, JJ.

OPINION

JORDAN, Justice.

Appellant was convicted of aggravated assault and sentenced to five years in the Texas Department of Corrections. Both guilt or innocence and punishment phases of the trial were to a jury.

Briefly stated, the facts shown by this record are that one Steve Mathis was sitting in his car on the evening of July 5, 1979, in Bunche Park in Fort Worth, Texas, with a male friend, when appellant, riding a motorcycle, approached the driver's side of Mathis' car. Appellant, according to Mathis' testimony, was angry, yelling and cursing at him in a loud manner, demanding to know when Mathis was going to "pay me for my bike." Soon after he approached the driver's side of Mathis' car, appellant started shooting at Mathis with what Mathis described as "the biggest handgun I'd ever seen." When the shooting started Mathis' friend left the car, running for his life, and Mathis backed his car up, then sped off, running from appellant, who by this time had put two bullet holes in the side of Mathis' car. Appellant chased Mathis, shooting at him several times, until Mathis ran to an apartment complex and someone called the police. Appellant was arrested later that night. Mathis and appellant had previously had some hostility for each other because of Felicia Mathis, who had dated both men before she married Mathis.

Appellant complains of actions of the trial court by five grounds of error which he says entitle him to a new trial. We find no reversible error, overrule all of appellant's grounds of error, and affirm the judgment of the trial court.

■ By his first ground of error appellant complains of the trial court's overruling his motion for the court to appoint a private investigator to talk to witnesses and to help him in the preparation of his defense. This motion was actually made by appellant's court appointed attorney on June 17, 1980, the day this case went to trial. From the time of his arrest until time of trial, appellant was out of jail on bond part of this time and had ample time to talk to witnesses himself, and during part of this time he had a retained attorney to help him. Appellant filed a request for a court appointed attorney on December 12, 1979, which was granted that same day. From that time no motion for continuance on the ground that appellant or his attorney did not have sufficient time to prepare their defense was filed. (Apparently no expenses for investigation had been incurred. At least no motion under V.A.C.C.P. Art. 26.05 § 1(d) was filed for reimbursement of up to $500.00 for expenses of investigation.) There is no showing of how appellant was harmed by the trial court's refusal of his last minute motion to appoint an investigator. We hold no harm occurred and the ground of error is overruled.

■ In his second ground of error appellant complains, rather vaguely, that "the Trial Court erred in sustaining the State's objection to defense counsel's discussion of the theory of reasonable doubt during Voir Dire." Appellant seems to be saying that he was deprived of the right to examine the jury panel on their "views" on the theory of the State's burden of proof. Of course a defendant in a criminal case has the right to go into this matter with the jury panel. However, this just did not occur in this case. Appellant's counsel, at no time during the voir dire, ever attempted to ask the members of the panel if they could and would be able to follow the court's definition and instruction on "reasonable doubt" in determining the appellant's guilt or innocence. If he had been deprived of this valuable right, we would, of course, have a much different case. The record shows that while appellant's counsel was discussing the State's burden of proof, he made this statement: "The theory of reasonable doubt does not consider possibilities. It doesn't even consider probabilities of guilt as the District Attorney's office would have you believe." Objection was made to this statement that the District Attorney had not made any such statement, and that they had always "said reasonable doubt." This objection was sustained and counsel for appellant was allowed to proceed. He went on to discuss "reasonable doubt" further, with one other objection on grounds that he was getting into argument. He did not ever ask the jurors if they agreed with this theory of reasonable doubt, or if they would follow it in their deliberations. This ground of error is overruled.

■ In ground of error number three, appellant asserts error in the court's exclusion of "testimony from a State's Witness which might have been of an exculpatory nature to the Appellant." On cross-examination of one James, a Fort Worth police officer who investigated this incident, appellant's counsel asked James to relate to the jury what appellant had told him as to appellant's "side of the story." This was objected to on the ground that the answer would be hearsay and self-serving. The objection was sustained by the trial court. There is no showing of what James' testimony would have been had it been allowed, or how "it might have been exculpatory." It is appellant's contention that this statement by appellant to Officer James was part of the res gestae of the offense and should have been admitted. The record shows, however, that this statement was made probably two hours after the shooting incident at Bunche Park, while appellant was being questioned at Sector Headquarters by James. James first went to Bunche Park to talk to appellant and from there took him to Sector Headquarters for ques-

tioning. Appellant was not placed under arrest either at Bunche Park or at Sector Headquarters. The statement of appellant to Officer James, which appellant tried to adduce at trial, was made a considerable length of time after the shooting, when things had calmed down and after appellant had ample time to consider and calmly reflect on what had happened. This statement which appellant tried to introduce was in fact self-serving and was not spontaneously made without time for reflection in the heat of the occurrence. It was not res gestae of the offense and was properly excluded. *Singletary v. State*, 509 S.W.2d 572 (Tex.Crim.App.1974).

Ground of error number four complains of the admission by the trial court of certain testimony from Felicia Mathis, wife of Steve Mathis, concerning a phone conversation she had with appellant on the night of the shooting shortly after it occurred. Felicia was formerly the girlfriend of appellant and had in fact had a child by him. At the time of the events of July 5, 1979 she was not married to Mathis, but apparently was living with him and was at Mathis' home when the shooting at Bunche Park occurred. Her testimony was that on the evening of July 5, 1979, the night of the shooting, appellant called her on the phone and told her that he had just shot at Steve Mathis and had tried to kill him because Steve wouldn't pay him for his motor bike. Appellant's objection to this testimony on the ground that it was self-serving was overruled and the testimony was admitted. In his brief appellant contends that this statement was admitted as part of the res gestae, but the record does not reflect this. It was admitted, and properly so, as a declaration or admission of guilt, voluntarily made. The telephone conversation between Felicia and appellant was admissible. This ground of error is overruled.

Appellant next complains about State counsel's reference, in jury argument at the punishment phase of the trial, to the fact that "[Y]ou heard that Officer James knew about this man in the community." It is appellant's position that this argument injected evidence of other offenses into the record. Appellant had testified, in response to his counsel's question, that he was not a drug addict, a thief, a robber, or a rapist. Because appellant had opened the door the State was permitted to show, by appellant himself, that he had been arrested for various offenses in Austin, Texas, and in San Diego, California. No error is shown by the above quoted portion of the State's argument. This was the punishment phase of appellant's trial and his past conduct and reputation in the community in which he lives has become an issue for the jury. Moreover, we doubt that the argument that "Officer James knew about this man in the community" added anything at all. It was simply a reference to a fact about which James had testified and did not indicate that appellant was involved in a separate or extraneous offense. Appellant's fifth ground of error is also overruled.

The judgment of the trial court is affirmed.