**AFFIRMED; Opinion Filed July 10, 2013.**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-12-00261-CR
No. 05-12-00738-CR
No. 05-12-00739-CR

## ERICH DOUGLAS LEE, Appellant

### V.

## THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1
Dallas County, Texas
Trial Court Cause No. F11-41203-H

### MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Moseley

Appellant Erich Douglas Lee pleaded guilty before a jury to three counts of burglary of a habitation. The jury found him guilty of each offense and assessed punishment at eighteen years' imprisonment and a $5000 fine in each case. In a single issue on appeal, Lee argues the trial court abused its discretion by excluding his recorded interview with police.

The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgments.

During the investigation, police were notified that one of the stolen items, a digital

camera, had been pawned by Lee. Police placed a hold on the digital camera and determined that Lee had pawned a number of items stolen in other burglaries. Lee later called the police station to complain about the hold on the camera. Police invited Lee to come in for an interview. The interview was recorded.

Detective Jerry Corder testified about the interview. When Lee walked into the interview room, he told Corder, "I knew that camera was going to get me into trouble." Lee said at first that he got the camera from his girlfriend, but after several minutes of talking, Lee admitted committing the three burglaries involved in this appeal. Corder testified that Lee described details of the burglaries and told police he pawned some of the items and sold other items at a drug house. Lee said he did not use drugs, but he needed money and knew he could sell the items at the drug house. Lee threw away any items that could not be sold or that contained identifying information. Corder told Lee it would help if he returned as much of the stolen property as possible.

Later that day, Lee returned a television and a DVD player to police. Lee was going to try to get more of the property back and left his phone number with Corder. Corder spoke with Lee on the phone once or twice over the next few days, but the number was disconnected a few weeks later and Lee was arrested.

At the conclusion of Corder's testimony, Lee offered the entire recorded interview into evidence. The State objected to the statement as hearsay and the trial court sustained the objection.

On appeal, Lee contends that the State elicited testimony about the contents of his interview with police and he was entitled to offer other portions of the interview under the rule of optional completeness. *See* TEX. R. EVID. 107. The excluded interview contains several

statements by Lee explaining why he committed the offenses.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). The trial court abuses its discretion if the decision lies "outside the zone of reasonable disagreement." *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007).

Hearsay statements are generally inadmissible unless they fall within a recognized exception. *See id.* The rule of optional completeness permits the introduction of otherwise inadmissible evidence when the evidence is necessary to fully and fairly explain a matter "opened up" by the adverse party. *See id.* (citing Tex. R. Evid. 107). The plain language of rule 107 indicates that in order to be admitted under the rule, the omitted portion of the statement must be "on the same subject" and must be "necessary to make it fully understood." *Sauceda v. State*, 129 S.W.3d 116, 123 (Tex. Crim. App. 2004). The purpose of the rule is "to reduce the possibility of the jury receiving a false impression from hearing only a part of some act, conversation or writing." *Walters*, 247 S.W.3d at 218. However, "Rule 107 does not permit the introduction of other similar but inadmissible evidence unless it is necessary to explain properly admitted evidence." *Id.*

"[S]elf-serving declarations of the accused are ordinarily inadmissible in his behalf, unless they come under some exception, such as: being part of the res gestae of the offense or arrest, or part of the statement or conversation previously proved by the State, or being necessary to explain or contradict acts or declarations first offered by the State." *Singletary v. State*, 509 S.W.2d 572, 576 (Tex. Crim. App. 1974); *see also Allridge v. State*, 762 S.W.2d 146, 152 (Tex. Crim. App. 1988); *Ziolkowski v. State*, 223 S.W.3d 640, 650 (Tex. App.—Texarkana 2007, pet ref'd).

Lee argues all three of these exceptions apply. We disagree. The trial court could have reasonably concluded the statement was not res gestae of the offense or arrest; the State did not introduce any part of the recorded statement; and the statement was not necessary to contradict or explain any acts or declarations offered by the State.

The interview was not the res gestae of the offense or the arrest. Lee made the statement sometime after burglaries and well before his arrest. *See Singletary*, 509 S.W.2d at 577 (delayed explanation by accused "passes from the domain of res gestae and becomes obnoxious as self-serving when the opportunity for reflection arises and fabrication is manifested to suit the exigencies of his situation").

Although Corder referred to the interview, the State did not offer any part of the recorded interview in evidence. Rule 107 is not invoked by the mere reference to a document, statement, or act. *Walters*, 247 S.W.3d at 218 n.62; *Araiza v. State*, 929 S.W.2d 552, 555–56 (Tex. App.—San Antonio 1996, pet. ref'd) (although prosecutor questioned witness about whether details in his written statement were made at the instruction of defendant, prosecutor did not offer any portion of the statement itself, thus defendant was not entitled to offer the entire statement under Rule 107).

Finally, the record does not indicate the interview was necessary to explain or contradict acts or declarations first offered by the State. Lee contends that Corder's reference to Lee needing money and going to a drug house to sell some of the stolen property necessitated admission of the entire recording to give a full explanation of why he needed money. However, nothing in Corder's brief statement that Lee sold some property at a drug house because he needed money created a false impression or misled the jury. *See Allridge*, 762 S.W.2d at 153 (to adopt appellant's position would mean that all self-serving statements by an accused would be

admissible (citing *Reado v. State*, 690 S.W.2d 15, 17 (Tex. App.—Beaumont 1984, pet. ref'd)).

We conclude the record does not show the trial court abused its discretion by excluding the recorded interview. We overrule Lee's issue.

The trial court's judgments are affirmed.

<u>/Jim Moseley/</u>
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
120261F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ERICH DOUGLAS LEE, Appellant

No. 05-12-00261-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F11-41203-H.
Opinion delivered by Justice Moseley.
Justices O'Neill and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 10th day of July, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ERICH DOUGLAS LEE, Appellant

No. 05-12-00738-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F11-41180-H.
Opinion delivered by Justice Moseley.
Justices O'Neill and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 10th day of July, 2013.


/Jim Moseley/
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ERICH DOUGLAS LEE, Appellant

No. 05-12-00739-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. G11-41207-H.
Opinion delivered by Justice Moseley.
Justices O'Neill and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 10th day of July, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE