

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00114-CR
_____

WILLIAM CHARLES HUGHES, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CR20569

Before Sudderth, C.J.; Wallach, J.; and Lee Ann Dauphinot (Senior Justice,
Retired, Sitting by Assignment).
Memorandum Opinion by Justice Dauphinot

# MEMORANDUM OPINION

A jury convicted Appellant William Charles Hughes of possession of less than one gram of methamphetamine, a state jail felony, enhanced to a second-degree felony for punishment. Appellant stipulated to six prior convictions; the trial court found the enhancement allegations true and assessed his punishment at 10-years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

Appellant brings two points on appeal, arguing that the trial court erred by overruling his objection to the admission of evidence obtained during his detention, and challenging the trial court's ruling excluding evidence of his statement to the police on the scene. Because we hold the trial court committed no reversible error, we affirm the trial court's judgment.

## Brief Facts

Wise County Sheriff's Deputy Joseph Baker testified he was on duty as a member of what was essentially a narcotics unit when, at 1:13 a.m., he was dispatched to investigate a suspicious vehicle at a storage facility located on FM 51 in Wise County.

When Deputy Baker arrived, he heard an alarm sounding and saw signs posted forbidding entrance to the facility between 11:00 p.m. and 5:00 a.m. Although he had a gate access code to allow him to enter the property, the code did not work, so he climbed over the fence and walked toward the back of the property where he saw

Leana Matthews and Appellant. Deputy Baker described them as moving items "to and from" a parked Pontiac Aztec and a storage unit. He testified that the vehicle was "packed pretty full" and that he saw a scale on the driver's seat of the car, the type of scale commonly used for weighing narcotics.

Deputy Baker learned that the car was registered to Matthews and that the storage unit was hers. Because he had seen the scale, he asked for and received permission to search Matthews's vehicle and her purse, where he found a glass meth pipe with a crystal-like substance. Then he searched Appellant's pockets with Appellant's consent and found "tips to e-cigs" and a clear plastic baggie that contained a crystal-like substance that Deputy Baker recognized as methamphetamine. He placed Matthews under arrest for possession of drug paraphernalia and arrested Appellant for possession of the methamphetamine.

Outside the presence of the jury, Deputy Baker testified that Appellant had quickly explained he must have accidentally picked up the drugs with the e-cig tips when he was clearing out a shed. He described Appellant's demeanor as nervous and said Appellant was talking fast. Appellant argued at trial that the statement was spontaneous and made res gestae of the arrest. The prosecutor argued it would be admissible only if it were an admission. Self-serving statements, he argued, were inadmissible hearsay.

At trial, the prosecutor asked Deputy Baker if he had had any difficulty in making the arrest, and Deputy Baker replied that Appellant had been compliant. He

3

also testified that he "Mirandized [Appellant], then asked him some questions about the . . . ." The prosecutor interrupted at this point and asked the deputy about transporting Matthews and Appellant to the jail.

The baggie of methamphetamine was admitted into evidence as State's Exhibit 5. At trial, Appellant stated specifically that he had no objection to the admission of State's exhibits 3, 4, and 5. The substance was later tested and was reported to be .21 grams of methamphetamine. Appellant stipulated to the admission of the chemist's report as State's Exhibit 6.

The prosecutor informed the trial court that Deputy Baker had not been issued a body camera but there was a dashboard camera in the car. He referred to a video that showed the methamphetamine in a baggie, but no video is in evidence.

## Standard of Review

We review a trial court's evidentiary rulings under an abuse-of-discretion standard.[1] A trial judge's decision is an abuse of discretion only when it falls outside the zone of reasonable disagreement.[2] An evidentiary ruling will be upheld if it is correct on any theory of law applicable to the case.[3] We, therefore, give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and

---

[1]*See Jenkins v. State*, 493 S.W.3d 583, 607 (Tex. Crim. App. 2016).

[2]*See Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007).

[3]*See Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App. 2006).

4

demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.[4] But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo.[5]

### Admissibility of Methamphetamine Found in Appellant's Pocket

At trial, Appellant lodged an objection to anything "located in the male subject's pocket or allegedly located on his person during this detention." The trial court overruled his objection and granted a running objection to the evidence. The issue of the legality of the search was subsequently submitted to the jury. On appeal, Appellant challenges the admissibility of State's Exhibit 5, the baggie containing methamphetamine, and argues that it was obtained as a result of an unconstitutionally lengthy detention.

A detention, as opposed to an arrest, may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on specific, articulable facts.[6] To determine the reasonableness of an investigative detention, we

---

[4]*Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

[5]*Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson*, 68 S.W.3d at 652–53.

[6]*Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000).

apply the guidelines set out by the United States Supreme Court in *Terry v. Ohio*: (1) whether the officer's action was justified at its inception; and (2) whether it was reasonably related in scope to the circumstances that initially justified the interference.[7] An investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop.[8]

In evaluating the reasonableness of an investigative detention, we must apply an objective standard by asking whether, in light of the officer's experience, the facts available would justify a person of reasonable caution in believing the action taken was appropriate.[9] In short, reasonable suspicion requires that there be "something out of the ordinary occurring and some indication that the unusual activity is related to crime."[10] We look at the totality of the circumstances to make the reasonable suspicion determination.[11]

In the case now before this court, Appellant and Matthews were inside the fence of the storage facility at night at a time during which entrance to the facility was prohibited. An alarm was sounding. The officer's temporary detention of Appellant

---

[7]*Davis v. State*, 947 S.W.2d 240, 242 (Tex. Crim. App. 1997) (citing *Terry*, 392 U.S. at 19–20, 88 S. Ct. at 1879).

[8]*Id.* at 244.

[9]*Id.* at 242–43, 88 S. Ct. at 1868.

[10]*Id.* at 244, 88 S. Ct. at 1868.

[11]*Loesch v. State*, 958 S.W.2d 830, 832 (Tex. Crim. App. 1997).

and Matthews was amply justified.  As he was investigating, he saw the scales inside their car that, in his experience, were commonly used with narcotics.  Nothing prohibits a police officer from asking for permission to search the person detained or that person's vehicle.[12]  The consensual search of Matthews's purse revealed a methamphetamine pipe.  Appellant concedes that he consented to the search of his person that yielded the methamphetamine.  Consent to a search is an established exception to the constitutional warrant and probable cause requirements.[13]

Applying the appropriate standard of review, we hold the original detention of Appellant was justified by reasonable suspicion and lasted no longer than necessary to effectuate the purpose of the detention.  After Deputy Baker saw the scale in the front seat of the car and retrieved the methamphetamine pipe from Matthews's purse, Appellant consented to Baker's search of his person.

We overrule Appellant's first point on appeal.

### Admissibility of Appellant's Statement

The State presented an oral motion in limine challenging the admission of Appellant's response that his possession of the drugs was unintentional when asked by Deputy Baker who the drugs in his pocket belonged to.  It argued that the

---

[12]*Ohio v. Robinette*, 519 U.S. 33, 41 (1996); *Davis v. State*, 947 S.W.2d 240, 241 (Tex. Crim. App. 1997).

[13]*Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043–44 (1973); *Carmouche*, 10 S.W.3d at 331.

7

statement was inadmissible because it was self-serving hearsay, and Appellant countered that the statement was res gestae of the arrest, spontaneous, and an excited utterance. The trial court sided with the State and prohibited its admission without a bench conference during trial. During the State's direct examination of Deputy Baker, the prosecutor asked, "[T]ell us what did you do after you made the arrest? What happened next?" Deputy Baker responded, "I Mirandized[14] . . . him then asked him some questions about the[--]" and was cut off by the prosecutor moving on to another question. On cross-examination, Appellant sought to follow up on this statement and argued that the State had opened the door to its admission. In an offer of proof outside the jury's presence, Deputy Baker testified that Appellant had claimed that he picked the drugs up "out of a box accidentally with the e-cig tips." He also described Appellant as nervous, excited, and talking fast. The trial court sustained the State's objection and did not allow the testimony.

On appeal, Appellant reurges his arguments that his statement was res gestae of the arrest and that the State opened the door to its admission by leaving a false impression with the jury. We disagree with Appellant because the record does not support his assertions.

---

[14]*Miranda v. Arizona*, 384 U.S. 436, 478–79, 86 S. Ct. 1602 (1966); *see* Tex. Code Crim. Proc. Ann. art. 38.22 § 3.

8

Hearsay is an out-of-court statement "offer[ed] in evidence to prove the truth of the matter asserted."[15] Hearsay is generally inadmissible unless it falls within one of the enumerated exceptions.[16] Self-serving declarations are not admissible in evidence as proof of the facts asserted unless they fall under one of three exceptions: being part of the res gestae of the offense or arrest, part of the statement or conversation previously proved by the State, or being necessary to explain or contradict acts or declarations first offered by the State.[17] Appellant urges that his explanation that he unknowingly picked up the methamphetamine when he grabbed a bag of e-cigarette tips was res gestae of the arrest.

Factors considered in determining a res gestae statement are its spontaneity and the time elapsed between the arrest and the statement: "[T]he declaration must deal substantially with, and must grow out of, the main fact so as to be spontaneous and not, in any event, a narration of a past event or occurrence."[18] In this case, the

---

[15]Tex. R. Evid. 801(d).

[16]*Gomez v. State*, 552 S.W.3d 422, 429 (Tex. App.—Fort Worth 2018, no pet.); *see* Tex. R. Evid. 802 (providing general rule against hearsay), 803 (providing exceptions applicable regardless of whether the declarant is available as a witness), 804 (providing exceptions applicable when the declarant is unavailable as a witness).

[17]*Allridge v. State*, 762 S.W.2d 146, 152 (Tex. Crim. App. 1988) (quoting *Singletary v. State*, 509 S.W.2d 572, 576 (Tex. Crim. App. 1974)). On appeal, Appellant only argues for application of the res gestae exception.

[18]*Id.*; *see also Allridge*, 762 S.W.2d at 152, ("Above everything else, there must exist that spontaneity which takes the statement out of the realm of narration or

statement was not made spontaneously but in response to Deputy Baker's questioning of Appellant and a narration of past events. The record gives no indication of the time that had passed, but it also contains nothing to suggest the statement was spontaneous.[19]

Appellant also argues that the State "opened the door" to the admission of Appellant's statement by asking Deputy Baker what happened after he arrested Appellant. Rule 107 of the Rules of Evidence provides,

> If a party introduces part of an act, declaration, conversation, writing, or recorded statement, an adverse party may inquire into any other part on the same subject. An adverse party may also introduce any other act, declaration, conversation, writing, or recorded statement that is necessary to explain or allow the trier of fact to fully understand the part offered by the opponent.[20]

We have closely examined the record, and we conclude, under the limited facts of this case, that Deputy Baker's statement that he Mirandized and questioned Matthews does not rise to the level of introducing part of an act, declaration, or conversation that included any statement by Appellant. It did open the door to statements and

---

premeditation."); *Singletary v. State*, 509 S.W.2d 572, 576 (Tex. Crim. App. 1974); *Trammell v. State*, 167 S.W.2d 171, 174 (Tex. Crim. App. 1942).

[19] *See Falade v. State*, No. 02-10-00300-CR, 2011 WL 5984536, at *4 (Tex. App.—Fort Worth 2011, no pet.) (mem. op., not designated for publication) (holding no abuse of discretion in sustaining objection to self-serving statement made during handcuffing shortly after apprehension and after tension of arrest had ceased).

[20] Tex. R. Evid. 107.

actions of Deputy Baker, but there was no testimony from him regarding any statement or action of either Matthews or Appellant.[21]

Finally, Appellant urges that the State's question left a false impression with the jury:

> This is evidenced by the prosecutor's remark that "the jury probably knows what a Miranda is if they've watched any TV at all," coupled with the prosecutor's interruption of Deputy Baker. Appellant should have been allowed to continue where Deputy Baker was cut off and provide Deputy Baker with an opportunity to explain to the jury what else happened following Mr. Hughes's arrest. By prohibiting Appellant from doing so, the trial court left a false impression with the jury that Appellant had information relating to illegal activity. Not allowing Deputy Baker to continue, and elaborate on, "what happened next" significantly increased the possibility of the jury receiving a false impression from hearing only a part of the conversation. While Mr. Hughes's statement was hearsay, it was *res gestae* and offered to provide the jury with a complete understanding of the events of the evening.

But Appellant does not direct us to any part of the record in which he raised in the trial court the issue of the State's creating a false impression. Nor do we find such an issue was raised in our own examination of the record.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or

---

[21]*See Allridge*, 762 S.W.2d at 153 ("Appellant's confessions were also not admissible as statements previously proven by the State, since none of the statements or parts thereof were introduced into evidence. Consequently, the rule of 'completeness,' which takes effect only when other evidence has already been introduced but is incomplete and misleading, does not apply.").

11

motion.[22]   Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule.[23]   Having failed to present his complaint to the trial court and obtain a ruling, he has forfeited this portion of his argument.

Considering the entire record and applying the appropriate standard of review, we overrule Appellant's second point on appeal.

## Conclusion

We have determined that the trial court committed no reversible error in admitting the contraband found in Appellant's pocket and not admitting before the jury Appellant's statement that the possession of the contraband was accidental.

We therefore affirm the trial court's judgment.

---

[22]Tex. R. App. P. 33.1(a)(1); *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015); *Sanchez v. State*, 418 S.W.3d 302, 306 (Tex. App.—Fort Worth 2013, pet. ref'd).

[23]Tex. R. App. P. 33.1(a)(2); *Everitt v. State*, 407 S.W.3d 259, 263 (Tex. Crim. App. 2013).

/s/ Lee Ann Dauphinot
Lee Ann Dauphinot
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 22, 2020